IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RICHARD ANDEL, JIMMY FLUKINGER, JERRY KROGSGAARD, and DELBERT LAWRENCE, Each Individually and on Behalf of all Other Persons Similarly Situated Current and Former Workers/Employees of Defendant<br>   Plaintiffs<br><br>vs.<br><br>PATTERSON-UTI DRILLING COMPANY, LLC<br>   Defendant | § § § § § § § § § § § § § § | Civil No. 6:10-cv-36 |

**PLAINTIFFS' EXPEDITED MOTION AND MEMORANDUM IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER**

TO: DEFENDANT, PATTERSON-UTI DRILLING COMPANY, LLC, by and through their attorney of record, David J. Comeaux, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Allen Center, 500 Dallas Street, Suite 3000, Houston, Texas 77002.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs, RICHARD ANDEL, JIMMY FLUKINGER, JERRY KROGSGAARD and DELBERT LAWRENCE, ask the Court to protect them from Defendant's Notice of Deposition of Richard Andel, Notice of Deposition of Jimmy Flukinger, Notice of Deposition of Jerry Krogsgaard, and Notice of Depositions of Delbert Lawrence, herein collectively referred to as the "Notices."

I.

1. Plaintiffs are RICHARD ANDEL, JIMMY FLUKINGER, JERRY KROGSGAARD and DELBERT LAWRENCE. Defendant is PATTERSON-UTI DRILLING COMPANY, LLC.

2. Plaintiffs sued Defendant for damages on behalf of themselves and other similarly situated current and former employees of Defendant who elect to opt into this action if it is

certified as a class pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

3. On September 16, 2010, Defendant served Plaintiff's counsel with a Notice of Deposition of Richard Andel, attached hereto as Exhibit A and incorporated herein by reference for all purposes, a Notice of Deposition of Jimmy Flukinger, attached hereto as Exhibit B and incorporated herein by reference for all purposes, a Notice of Deposition of Jerry Krogsgaard, attached hereto as Exhibit C and incorporated herein by reference for all purposes, and a Notice of Deposition of Delbert Lawrence, attached hereto as Exhibit D and incorporated herein by reference for all purposes, for depositions scheduled on September 30, 2010 and October 1, 2010. These notices were sent without confirming whether Plaintiffs or Plaintiffs' counsel was available on those dates.

4. Plaintiffs' counsel conferred with Defendant's counsel in a good-faith effort to resolve the dispute without court action, as required by Federal Rule of Civil Procedure 26(c) and as shown in the certificate of conference below. See Exhibit E attached hereto and incorporated herein by reference for all purposes. After receiving the deposition notices, Plaintiffs' counsel sent the letter, attached as Exhibit F to this motion and incorporated herein by reference for all purposes, requesting that the depositions be postponed until after the Court has ruled on Plaintiffs' Motion for Conditional Certification. See Exhibit E. Plaintiffs' and Defendant's attorneys traded phone calls until the evening of September 21, 2009. In those telephone conferences, the Defendant's attorney indicated that he would not oppose moving the deposition if Plaintiffs' counsel agreed that the depositions could be taken prior to the Court

ruling on Plaintiffs' Motion for Conditional Certification. *Id.* It is Plaintiffs' position that these depositions should not be taken until after the Court rules on the Motion for Conditional Certification and written discovery has been completed. *Id.*

II.

5. The Court has broad discretion to issue a protective order on a showing of good cause. *See* Fed. R. Civ. P. 26(c); *see also Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005). Once good cause has been established, the Court must weigh the movant's privacy interests in the information and the burden of producing the information against the rights of the non-movant and the public to obtain the information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36, 104 S. Ct. 2199, 2208-09 (1984); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

6. Plaintiffs' counsel has a previously scheduled pre-trial hearing for September 30, 2010 at 9:00 am in Beeville, Texas, regarding Cause No. B-07-1315-CV-B; *Christopher Lee Carpenter Trustee for the Carpenter Family Living Trust vs. Kaler Energy Corp., et al.*; pending in the 156th Judicial District Court of Bee County, Texas. On October 1, 2010, Plaintiffs' attorney is scheduled to take the deposition of Dr. Adam Harris in the case *Bruce Chappel vs. Adam I. Harris, M.D.*, pending in the 57th Judicial District Court of Bexar County, Texas, under Cause No. 2009-CI10126. See Exhibit E. Plaintiffs' co-counsel Jim Cole is scheduled to take depositions in Midland, Texas from September 28, 2010 through September 30, 2010 in the case styled *Doris Baldwin, Individually and as Representative of the Estate of Elmer "Glen" Baldwin, Deceased, et al. vs. Discovery Operating, Inc., et al*, pending in the 238th Judicial District of Midland County, Texas under Cause No. CV-47,166. *Id.*

7. The central issue in this motion and in Defendant's Motion for an Extension of Time to File a Response to Plaintiffs' Motion for Conditional Certification, is the timing of the Plaintiffs' depositions. Plaintiffs assert that these depositions should not go forward until after the Court rules on the Motion for Conditional Certification and written discovery has been completed. Defendant's contend that they should be allowed to depose the Plaintiffs prior to the Court's ruling on Plaintiffs' Motion for Conditional Certification and prior to the completion of written discovery. The law concerning discovery related to a Motion for Conditional Certification demonstrates that Defendant is not entitled to depose Plaintiffs prior to the Court's ruling on this motion.

8. As stated in Plaintiffs' Motion for Conditional Certification, the Fifth Circuit has used a two-step process in collective actions under the FLSA. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). The first step of conditional certification is a "lenient standard." *Id.*; *Clarke v. Convergys Customer Management Group, Inc.*, 370 F.Supp.2d 601, 604 (S.D. Tex. 2005). At this "notice stage," the district court makes a determination usually based on the pleadings and any affidavits that have been submitted, whether notice of the action should be provided to the potential class members. *Clarke v. Convergys Customer Management Group, Inc.*, 370 F.Supp.2d at 604. Typically at this stage, nothing more is required than allegations supported by some evidence the putative class members were victims of a single decision, policy or plan. *Mooney v. Anco Service Co.*, 54 F.3d at 1214 n.8. The conditional certification is typically granted, the putative class members are given notice and the opportunity to opt-in, and the case proceeds as a collective action through discovery. *Mooney v. Anco Service Co.*, 54 F.3d at 1312-14, *Clark v. Convergys Customer Management Group, Inc.*, 370 F.Supp.2d at 604.

9. There is good cause for the Court to protect Plaintiffs with a protective Order to postpone the depositions of Plaintiffs. Plaintiffs ask the Court to exercise its discretion and grant a protective order to continue the depositions of the Plaintiffs. If Plaintiffs' Motion for Conditional Certification and Notice to Potential Plaintiffs is approved by the Court, the Court will invite other similarly situated current and former employees of Defendant to join this suit as Plaintiffs. In this event, there may be additional attorneys representing these parties who would have the right to attend Plaintiffs' depositions. To avoid Plaintiffs being deposed a second time, Plaintiffs request that their depositions not be set until after the Court has ruled on Plaintiff's Motion for Conditional Certification, and if granted, until the deadline has passed for other similarly situated current and former employees of Defendant to join in this cause.

10. Plaintiffs' counsel is unable to appear for depositions on September 30, 2010 and October 1, 2010. Furthermore, the Plaintiffs depositions be postponed until after the Court has ruled on Plaintiff's Motion for Conditional Certification, and if granted, until the deadline has passed for other similarly situated current and former employees of Defendant to join in this cause. Because these depositions are noticed for September 30th and October 1st, Plaintiffs respectfully request this Motion be considered on an expedited basis.

For these reasons, Plaintiffs respectfully ask this Court to continue these depositions until after the Court has ruled on Plaintiff's Motion for Conditional Certification, and if granted, until the deadline has passed for other similarly situated current and former employees of Defendant to join in this cause.

Respectfully submitted,

*[signature]*

WILLIAM L. SCIBA, III
State Bar No. 00792824
Federal ID No. 19044
JIM COLE
State Bar No. 04538500
Federal ID No. 5883
302 West Forrest (77901)
P. O. Box 510
Victoria, Texas 77902-0510
(361) 575-0551 Telephone
(361) 575-0986 Facsimile
wsciba@cce-vic.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

By my signature above, I certify that on September 21, 2010, I conferred with counsel for Defendant, and Defendant is opposed to this motion.

## CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of the above and foregoing was provided to all counsel of record in accordance with the applicable Federal Rules of Civil Procedure, on this 23rd day of September, 2010.