```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       VICTORIA DIVISION
```

| | |
|---|---|
| RICHARD ANDEL, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. V-10-36 |
| § | |
| PATTERSON-UTI DRILLING § | |
| COMPANY LLC, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant's Motion for Summary Judgment (Docket Entry No. 44).

Plaintiffs Richard Andel, Jimmy Flukinger, Jerry Krogsgaard, and Delbert Lawrence (collectively, "Plaintiffs"), individually and on behalf of all other similarly-situated current and former workers of Defendant Patterson-UTI Drilling Company, LLC ("Defendant"), filed this action on April 29, 2010, pursuant to Section 216(b) of the Fair Labor Standards Act[2] to recover unpaid overtime compensation.[3]

In response to the present motion, Plaintiffs argue, in part, that Defendant's motion for summary judgment is premature.[4] The

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 22.

[2] 29 U.S.C. §§ 201-219.

[3] Docket Entry No. 1, Complaint.

[4] See Docket Entry No. 48, Plaintiffs' Response, p. 20.

court agrees.  At this point in the proceedings, the issue of class certification is still pending.[5]  Any determinations by the court on the merits of Plaintiffs' claims would be premature until the issue of class certification is definitively resolved.

Accordingly, the court **RECOMMENDS** that Defendant's motion for summary judgment be **DENIED** at this time.  The parties will be permitted to file or re-file motions for summary judgment after the resolution of the issue of class certification.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  The original of any written objections shall be filed with the United States District Clerk electronically.

**SIGNED** in Houston, Texas, this <u>2nd</u> day of August, 2011.

Nancy K. Johnson
United States Magistrate Judge

---

[5] <u>See generally</u> Docket Entry No. 52, Memorandum and Recommendation; Docket Entry No. 53, Plaintiffs' Objections to Memorandum and Recommendation; Docket Entry No. 54, Defendant's Response to Plaintiffs' Objections.