UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ANDEL, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-10-36 |
| | § | |
| PATTERSON-UTI DRILLING CO., LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

**I. Background**

On April 29, 2010, Plaintiffs Richard Andel, Jimmy Flukinger, Jerry Krosgaard, and Delbert Lawrence ("Plaintiffs") filed their Original Complaint against Defendant Patterson-UTI Drilling Co., LLC ("Defendant") for minimum and overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*. (Dkt. No. 1.) On September 15, 2010, Plaintiffs filed a Motion for Conditional Certification and Notice to Potential Plaintiffs (Dkt. No. 12), to which Defendant responded (Dkt. No. 21). Plaintiffs' motion seeks to "have notice sent to all current and former welders of Patterson who were classified by Patterson as independent contractors rather than employees . . . that worked in the Patterson yards located in or near Victoria, Tyler[,] and Odessa, Texas." (Dkt. No. 21 at 1.)

Magistrate Judge Nancy K. Johnson issued a Memorandum and Recommendation (M&R) on March 16, 2011, recommending that Plaintiffs' motion be denied on the grounds that because the named Plaintiffs could not clearly be deemed FLSA employees without significant individualized analysis, then neither could the putative plaintiffs. (Dkt. No. 52.) Plaintiffs timely filed their objections to the M&R on March 30, 2011 (Dkt. No. 53), and Defendant responded

(Dkt. No. 56). After considering the M&R, Plaintiffs' objections, Defendant's response, the entire record, and the applicable law, the Court **ADOPTS** the recommendation of the M&R that Plaintiffs' Motion for Conditional Certification and Notice to Potential Plaintiffs be **DENIED**.

## II. Legal Standard

A district court that refers a case to a magistrate judge must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. *See* FED. R. CIV. P. 72(b). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *See id.*

## III. Analysis

Plaintiffs concede that that the M&R provides "an accurate and detailed analysis of the law regarding conditional certification" (Dkt. No. 53 at 4), but nonetheless object to the M&R on the grounds that the M&R: (1) failed to recommend certification even though Plaintiffs met their burden of demonstrating substantial allegations that the putative class members were together the victims of a single decision, policy, or plan; (2) failed to correctly apply the law by refusing class certification solely based on the fact that Plaintiffs' claims involve misclassification as independent contractors; and (3) incorrectly concluded that judicial economy would not be served if the case were conditionally certified and notices were sent. In response, Defendant contends that Plaintiffs' objections should be overruled because: (1) their first objection misstates the standard set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and trivializes the extent of the Court's discretion on a motion for conditional certification; (2) their second objection mischaracterizes the basis of the M&R, which was based on a careful analysis of the evidence and the feasibility of collective treatment, not on any *per se* rule or single factor;

2

and (3) their third objection merely attempts to trivialize the extent and the number of dissimilarities between Plaintiffs and between all welders who provided services to Defendants.

As held by courts in this district and as stated in the M&R, the *Lusardi* standard requires Plaintiffs to show that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." (M&R at 10 (citing *Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 652—53 (S.D. Tex. 2010); *Cantu v. Vitol, Inc.*, 2009 WL 5195918, at *4 (S.D. Tex. Dec. 21, 2009)).) *See also Maynor v. Dow Chem. Co.*, 2008 WL 2220394, at *5—6 (S.D. Tex. May 28, 2008). Here, Defendant argues that Plaintiffs cannot meet the second element of the test—that the putative plaintiffs are similarly situated to the named Plaintiffs.

When considering a motion for conditional certification of a collective action based on allegations of independent contractor misclassification, a court "must analyze whether the [putative collective action members] are similarly situated with respect to the analysis it would engage in to determine whether the workers are employees or independent contractors." *Bamgbose v. Delta-T Group, Inc.*, 684 F. Supp. 2d 660, 668—69 (E.D. Pa. 2010). As the M&R explained, in determining whether a worker is an employee or an independent contractor, courts in this Circuit "generally use as a guide five, nonexclusive factors: (a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer." *Thibault v. Bellsouth Telecommunications, Inc.*, 612 F.3d 843, 846 (5th Cir. 2010) (citing *Carrell v. Sunland Constr.*, Inc., 998 F.2d 330, 332—33 (5th Cir.

1993)). "These factors are merely aids to analysis and no single factor is determinative." *Id.* (citing *Carrell*, 998 F.2d at 332).

Plaintiffs argue that the common "decision, policy, or plan" was Defendant's uniform classification of the Plaintiffs and putative plaintiffs as independent contractors instead of employees. However, "[t]he Court cannot only look to [Defendant's] uniform classification of the workers . . . . Instead, it must determine whether the proof to demonstrate that the workers are 'employees' or 'independent contractors' can be applied to the class as a whole." *Id.* (citing *Hoffman-La Roche*, 493 U.S. at 170). Moreover, as Judge Rosenthal recognized in *Maynor*, "Courts have refused to permit FLSA suits to proceed as collective actions if the individualized inquiries required would eliminate 'the economy of scale envisioned by the FLSA collective action procedure.'" *Maynor*, 2008 WL 2220394, at *8 (quoting *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1275 (M.D. Ala. 2004), and citing *Donihoo v. Dallas Airmotive, Inc.*, 1998 WL 91256, at * 1 (N.D. Tex. Feb.23, 1998) ("[A]n inquiry into the employee's specific job duties . . . is not appropriate in a class lawsuit under Section 216(b)")).

Here, the proof necessary to determine whether the putative plaintiffs are employees or independent contractors cannot be applied to the class as a whole. As the M&R explained, even among the four named Plaintiffs, "the number of hours worked each week varied significantly; the number of hours worked each day varied significantly; the pattern of days on and days off of work varied significantly; the pattern of invoice submission varied significantly; and the length of time each Plaintiff worked for Defendant varied significantly." (*Id.* at 15—16.) Although not stated in the M&R, the Court notes that each Plaintiff's relative investments and ability to control his opportunities for profit and loss also varied significantly, including how much he spent on

4

equipment and supplies, whether or not he purchased general liability insurance, and whether or not he paid an assistant to help with bookkeeping.

The Court finds that the M&R was correct in its conclusion that "the briefs and evidence show that there are enough differences between each individual Plaintiff that the court would still be required to conduct an individualized analysis of each putative plaintiff before it could be satisfied that each one fell under the auspices of the FLSA." (M&R at 14.) The Court further agrees with the M&R's conclusion that such "individualized analysis would contravene a primary purpose behind class action lawsuits, *i.e.*, the promotion of judicial economy." (*Id.* at 13.)

### III. Conclusion

Accordingly, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** Magistrate Johnson's Memorandum and Recommendation.

It is so **ORDERED**.

**SIGNED** this 15th day of February, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE